Case number 245431, Joseph Ebu v. U.S. Citizenship and Immigration Services et al. Argument not to exceed 15 minutes per side. Mr. Goldman, you may proceed for the appellant. Thank you and may it please the court Brian Goldman for appellant Joseph Ebu and I believe Judge Kley I've reserved three minutes for rebuttal. All right. Thank you. Joseph Ebu is a lawful permanent resident of the United The government failed to make a determination on that application and so under 8 U.S.C. 1447B the district court quote has jurisdiction end quote to determine that application and because 1447B indisputably vests the district court with jurisdiction it also had authority under the Declaratory Judgment Act to issue a declaration declaring Ebu prima facie eligible for relief. No statute anywhere divests federal courts of jurisdiction or authority to make a determination under 1447B or to issue such a declaration. The district court held to the contrary only by committing the cardinal sin of statutory interpretation importing words into a separate provision that the briefs have dubbed the priority provision 8 U.S.C. 1429 based on views about legislative purpose and good policy and the government repeats those arguments. That was improper and the district court filed our unpublished opinion and they filed the opinions from the Second and Fifth Circuit on the on the issue did it not? That's correct. Okay so I mean you're you're arguing that that precedent is is wrong and I know you you rely on the second and the argument is the Immigration Act of 1990 gave the district courts more power over naturalization proceedings than they had before because before 1990 it was very clear was it not that a naturalization court could not consider a naturalization petition if there was a removal proceeding pending and you argue that Congress in 1990 afforded more well more more more power to the district court to adjudicate this? I quibble a little bit with that Judge Griffin. Congress limited the district courts power in the sense that it vested authority to naturalize solely with DHS but with two exceptions correct and that's where I was going to go next. So Congress did expand the district courts power. No they they well they transferred it. My understanding is before that both district court and and the agency they had they both had the power to do it and the Congress transferred most of the power to the agency with a couple of exceptions to the district court and they also provided that the sole power of the Attorney General over naturalization proceedings that their the naturalization proceedings could not go forward if there is a removal proceeding pending which was also the current was the law before but your argument is because they didn't use they use the word U.S. Attorney Attorney General rather the naturalization court that they meant to change the whole scheme. Well I mean that's I mean you're is that right? I disagree that we think they changed the entire scheme but Judge Griffin words do matter. They changed the priority I guess that they the priority was before that removal proceedings had to go first and then naturalization proceedings could go and you're you're arguing 1990 that they said at least in the district court no you can have simultaneous proceedings at the same time. I don't think so. Only in what I think are extremely narrow circumstances that this case raises but are otherwise pretty rare so the government has there has to be an application this is where the district court could act only in these circumstances where there's an application there's an examination that the good that I'm not aware of any authority requiring the government to do an examination and in fact the Fifth Circuit and Saba Bakare lamented the government's conducting of examinations while removal proceedings are pending. The government has to conduct an examination which it doesn't have to do and then a hundred twenty days have to pass and because of that delay then the district court is vested with jurisdiction under 1447 B. I'd also recognize they have jurisdiction it's just their power to act once they once they've got the jurisdiction I think that's the distinction they make. Yes but I want to one other thing to point out that happened in 1990 and again because the words matter the words of the text matter Congress amended the prior the relevant provision here from no no naturalization application shall be considered by a naturalization court it struck that language and inserted by the Attorney General which now is a transported to the Attorney General taking away the district courts authority I guess to do this except for the two circumstances and your argument as well they also meant to change the priority I guess that removal proceedings have to be occur first before the naturalization proceedings and it's it's hard for me to say that that's the intent of Congress I know you're saying while we apply the plain language and the language just refers to the to the Attorney General but just to think that that's the intent of Congress is it's kind of hard to see. I you know I was struck Judge Griffin in the EPA clean water roll case from 2016 I think it was your separate opinion but it speaks to a general principle it's at 817 f3d 261 and you were recognizing the consequences of unbridled judicial forays into the legislative fear sphere the Supreme Court has admonished time and again that courts must presume that a legislature says in a statute what it means and means the statute what it says also you also read it in context and you you read the statutory provisions in harmony if you can and you don't read them in isolation and I but I do understand your argument I know you you agree with the Ninth Circuit case that's correct if I may judge Griffin I do want to point out the government's interpretation the district courts interpretation of 1429 below it violates at least three fundamental canons of statutory construction it the term by the AG the term that we've discussed it's in 1429 one it renders it a nullity because effectively the district court and the government want you know effectively cross out by the AG and as Justice Scalia wrote in his separate opinion in King v Burwell the rule against treating a term as a nullity is about as is as close to absolute as interpretive principles get second it violates the espresso Ooney is canon because the specification by the AG the inclusion of one suggests the exclusion of others so by by including by the AG but not in saying by the AG and a court Congress presumably meant to exclude district courts from that prohibition three the canon against surplus age so in section 1429 this is the phrase before the semicolon and the government as the panels over has a semicolon argument the the phrase before the semicolon reads no person shall be naturalized against whom there is a finding outstanding a final finding of deportability no person shall be not applies on its face to both its actions by DHS and actions by a court the government effectively wants to mash no person shall be naturalized and no application shall be considered by the AG to mean effectively the same thing that violates the the rule against treating different phrases as as not having separate office to and this also goes to your questions judge Griffin the legislative history here does support the point that section 1447 be was intended to provide meaningful judicial review in the cases of a delay where the government hadn't decided an application within the statutorily required 120 days the Fourth Circuit recognizes in the e-tap case Congress is a quote Congress included 1447 be to ensure that applicants had judicial recourse when the executive failed to act and based on the statute the executive is prohibited to act on the naturalization application when the removal proceeding is pending right well right I I I'm not sure based on what the government has written in its brief I'm not sure that's correct judge Griffin and footnote six of the opposition the government wrote and I'm quoting USC is is current policy instructs that when an applicant for naturalization is in removal proceedings USC is must deny the n-400 that's the application under section 1429 based solely on the pending removal proceeding so the government admits that actually the government can take action you can only deny of course they actually did that here right eventually after after it went to district court what's the current status of the removal proceedings and the naturalization so yes there was a final order of removal that was remanded we represent a mystery going to appeal before the Seventh Circuit that was vacated effectively remanded back to the agency there's no current final order of removal my understanding is that he is proceeding before the immigration judge and my further understanding is that the the agency is waiting to see effectively how these proceedings play out well you're basic the core I mean all this sounds rather complicated and talks about a lot of different things but the core of your argument is if you read 8 USC section 1447 B it's clear that the district court has authority to act here is that the sum of it that's exactly right judge Gibbons but the additional point that the district court clearly erred in holding that 1429 prohibits any relief being granted by a district court because it effectively added words into 1429 that aren't there well 1429 clearly speaks to the Attorney General but not not correct that's exactly right judge Gibbons and I'd add the if case out of the Ninth Circuit judge Akuta wrote for the panel there and they recognize this point precisely and when I reviewed that decision several times I think it's exceedingly well reasoned that I know the panel's familiar with that I do want to touch briefly as I see my affirmative time is running low on the declaratory judgment claim I think it's it's plain that the district court had authority to issue a declaratory judgment here it was platinum and an appropriate pleading the complaint this court has jurisdiction under 1447 B that determination is controlled by the Zayed case of this court and there is a live case or controversy the parties are as judge Easterbrook put it for the Seventh Circuit and clean the parties here are locked in a controversy over whether Mr. Ibu can be removed or on the flip side of the same coin whether he can be naturalized and a prima facie declaration of eligibility for naturalization would you know affect the record for removal that's what the Third Circuit said was enough in the Gonzalez case because it might help bring the removal proceedings to a prompt close and that's what judge Easterbrook wrote for the Seventh Circuit and clean I see my time it's up all right thank you morning good morning your honors may it please the court Carolyn Dillard on behalf of the government this court has already recognized in Zayed that Congress clearly intended for removal proceedings to be completed before an application for naturalization can even be considered and that's pursuant to section 1429 the reason for this is to avoid naturalizing someone who would have otherwise been ordered removed and thus become ineligible for citizenship in this case the plaintiff was placed in removal proceedings following guilty pleas to crimes relating to fraud he then filed an application for naturalization with USCIS after 120 days passed without USCIS issuing a decision he then filed an action under section 1447 be asking for the district court to consider his application for naturalization in an effort to get his removal proceedings terminated the issue here is whether or not the district court may consider the plaintiff's application under section 1447 be while the immigration court is currently in the process of considering whether or not his criminal convictions render him removable and the answer to that question is no because they would clearly contravene section 1429 why should 1429 which refers to the Attorney General only limit in any way statutorily given power of the district court in another provision I mean I'd say no there's not really we have to assume Congress knew what it was doing and it was very explicit in its language it might as a policy matter be good for the interpretation you argue to be the correct policy interpretation but that's not I don't say transform the chosen desire of the executive agency's policy into a limitation on the statutory language the plain statutory language of 8 USC section 1447 be well with respect to section 1429 the context of the statute matters as well as well the clear congressional intent of the statute is to prioritize removal proceedings over naturalization proceedings and we have to look to other related statutes because when a district court can review an application for naturalization it has to follow and it's still bound by all the requirements of all the naturalization statutes so for example we can look at section 1427 1427 E specifically addresses the determination of an application for naturalization and it states in determining whether the applicant has sustained the burden of establishing good moral character the Attorney General shall not be limited to the applicant's conduct during the five years preceding the filing of the application so just like section 1429 section 1427 E does not have the words naturalization court or district court but that does not mean that section 1427 E does not apply to the district court when a district court can review an application for naturalization and can also look to section 1427 B which addresses periods where the applicant has been absent from the United States and it reads the applicant shall establish to the satisfaction of the Attorney General that he did not in fact abandon his residence in the United States and again we're noticing a pattern here within these naturalization statutes that they do not specifically mention a naturalization court or a district court but that does not mean that section 1427 B does not apply to a district court when a district court can yes but but but that would go to what's proper for the district court to consider as a policy matter it is a matter of other statute you've got to give it seems to me you have to give effect to all statutes and you can't strip 1447 of its clear language just because there may be other statutory provisions that would counsel the district court taking those into it into account what's it had the case I mean surely there's a way for all of this to be read in harmony that allows considerations that you would like to have considered as well as the explicit grant of jurisdiction to the district court your honor the statute exactly must be read in harmony and plaintiff's argument does not allow for section 1447 B and section 1429 to be analyzed in harmony and we have to also consider the context of section 1429 with respect to when the amendment was conformed because prior to 1990 it was the district courts that were considering applications for naturalization in the first instance but that changed with the Immigration Act of 1990 where the Attorney General now USC AS became the primary adjudicators of naturalization and the district court could only consider applications for naturalization under limited circumstances so simply because Congress chose to amend section 1429 in a way that conforms to the now current process of the way that naturalization applications are adjudicated does not mean that section 1429 does not apply to the district court when removal proceedings are pending and your honor we can also look to precedent where the majority of course to have decided this issue have concluded the same for instance this court recognized in Rahman that section 1429 limits the scope of the district court's review of the available remedies and action brought under section 1447 B when a removal proceedings are pending against the applicant and this holding originates from this court's holding in Ziad a 2004 published decision where this court similarly held the scope of the district court's authority cannot be any greater than the authority of the executive to consider the petition in the first place so adopting plaintiff's arguments would be inconsistent with the holding in Ziad where it would give the district court greater authority than the executive have has to consider the petition in the first place well sometimes district courts and other courts have more authority than the Attorney General does particularly if given by statute I mean that's policy argument from your perspective that the district court shouldn't have the authority but it's in the statute well this court in Ziad interpreted section 1429 and and it held that the district courts the scope of the district court's authority cannot be any greater than the authority of the executive and Ziad also spoke to those 1990 amendments and it said we are aware of no suggestion that Congress intended the priority of removal proceedings over naturalization proceedings to be altered by the 1990 amendments so interpreting section 1429 and section 1447 B would be inconsistent with the holdings reached in Ziad with respect to the prioritizing of removal proceedings over naturalization proceedings also your the Supreme Court addressed this very issue and in Schomburg and it described this issue as a race a race between a non-citizen to gain citizenship and the Attorney General to remove a non-citizen and it explained that section 1429 was to end that race and it described section 1429 as the priority provision because it indeed prioritizes removal proceedings over naturalization proceedings and we can also look to precedent from other circuits the Second Circuit has held that section 1429 does not permit an alien to state a claim for relief under section 1447 B while removal proceedings are pending against him and the Fifth Circuit recognized the district court's authority under section 1447 B to remand the matter or determine the matter but it clarified that in either instance the appropriate determination is controlled by section 1429 and with respect to plaintiff's argument that USCIS could consider the naturalization application based on USCIS policy to deny an application based on pending removal proceedings the denial based simply on pending removal proceedings is not considering the application because it did not reach the which is exactly what plaintiff is asking the district court to do to determine his application for naturalization reaching the merits the May 2024 decision simply denied the application based on pending removal proceedings which is consistent with section 1429 additionally your honors we can look to the language of section 1447 B section 1447 B was meant to provide review of a naturalization application where appropriate it was not meant to influence or circumvent pending removal proceedings section 1447 B has very clear discretionary language stating the district court may either determine the matter or remand the matter very clearly giving the district court two options to either determine the matter or remand the matter but plaintiff's argument more or less is seeking to force the district court's hand to determine the matter because plaintiff admits that remanding to USCIS would be futile because USCIS has no power under section 1429 to determine the application and so it's very doubtful that Congress would have statute section 1447 B where 50% of the relief that it contemplates would be practically unavailable and it would nullify that discretionary language within the statute the reality is is that Congress intended for section 1447 B to provide relief when removal proceedings are not pending and just just as a matter of practicality your honors allowing a district court to determine a naturalization application during pending removal proceedings could lead to complete chaos not only between the immigration court and the district court but potentially between the immigration court the district courts and the circuit courts for instance plaintiff is currently in removal proceedings before an immigration court under the Seventh Circuit hypothetically speaking at the immigration court could be ordering a hypothetical non-citizen similar to the plaintiff removed around the same time the district court is considering an application for naturalization. Congress attempted to stop this race right? Exactly. That was kind of the intent of the 1990 act and I guess the argument as well they didn't do it very artfully because they only referred to the US but I mean there's no there's no doubt that this race that you're talking about was intended to be ended right? Correct your honor and even if the statute could have been written more clearly the mere possibility of clearer phrasing cannot defeat the most natural reading of the statute. The entire context and what does the statute do I mean I think it's pretty obvious that it is intended to stop this race that you've got naturalization proceedings going on at the same time as removal proceedings and they can't do that and that the Congress used the word Attorney General but at the same time they transferred the sole power of naturalization to the Attorney General with it two exceptions. Yes your honor yeah and also I just want to make a few points about the plaintiff's request for a declaratory judgment. Section 1447B does not authorize the district court to issue a declaratory judgment but for pending removal proceedings and doing so would be inconsistent with section 1429 which prioritizes removal proceedings over naturalization proceedings and also the declaratory judgment act does not create an independent cause of action that would authorize this type of relief. Further 8 CFR 1003.18 instructs that it is the immigration court that would make a determination on the plaintiff's prima facie eligibility for naturalization and the preamble to that rule recognizes that pursuant to section 1429 removal proceedings are to take precedent over naturalization applications. Additionally your honor issuing a declaratory judgment on the plaintiff's prima facie eligibility but for pending removal proceedings would not be binding on on the immigration court because the immigration court or USCIS and the immigration court would not be required to honor it. It's a declaration of eligibility it's not a grant or denial of a naturalization application. Additionally it would contravene various provisions of section 1252 to preclude a district court review of removal proceedings and channel any issues related to removal through the petition for review process. I see my time is is almost up your honors unless the court has additional questions I can close with a few remaining remarks. If plaintiff prevails on his removal proceedings he may ultimately be able to get the relief he seeks which is review of his naturalization application. He simply has to wait for his removal proceedings to conclude and to determine whether or not he prevails on them. However there's currently no relief the district court can grant to the plaintiff under section 1447 B in light of section 1429 which precludes the consideration of his naturalization application while his removal proceedings are pending. Therefore this court should affirm the district court's decision dismissing the plaintiff's complaint for failure to state a claim for relief which can be granted. Thank Towards the end of the government's presentation it made a point to good policy but of course courts do not make good policy those decisions are left for Congress and Judge Griffin I think it gets to the concerns that we've discussed a little bit. Congress can always amend the statute here and if it was an artfully drafted it presumably even the Congress is currently situated could pick up their pens and make this small edit but they didn't do that after Yift and if they feel so compelled to if they felt so compelled that Yift was wrongly decided surely Congress could have and would have amended the statute. They might have thought that that was just an outlier decision by the Ninth Circuit that the majority view is in favor of the government and the outlying decision well had had you know minimal effect. If it you know I'm grappling is it just in artfully drafted or is it the intent of Congress and normally you do look at the words of the statute and and assume that that is the intent of Congress but I mean my question is the overall scheme this if you apply the literal words here it's contrary to the whole scheme of the statute and that's it's a difficult it's a difficult issue. I do want to make a pass of why I do think Judge Griffin honestly this was the intent of Congress this is a small slice of cases there has to be a naturalization 1447 B was enacted as part of the 1990 amendments they struck naturalization court added by the Attorney General and this situation only arises if there's an application and they conduct an examination and they don't issue the denial that current the current regs say they would they have to issue only in those situations do you get a situation the priority provision which is quite clear that removal proceedings must occur first that that's changed. Well I think based on yes based on the text that Congress enacted in this small slice of cases that is what Congress intended. I do want to make a quick point on Ziad the government talked about it quiet quite a bit Ziad fully supports our position here I'm quoting from the case this is at 368 F3D at 905 quote this is from Ziad by its terms the statute 1429 limits the authority of the Attorney General not the authority of the district courts to act on applications for naturalization that's from Ziad and I'll close with a final point if Congress had intended for this slice of cases Judge Griffin to be exempt effectively from the priority provision that would be consistent with an unbroken executive practice dating back to the 70s of the IJs having discretion to terminate removal proceedings to let our naturalization application go forward so it existed then Congress legislate against that background presumption and it's reflected in the current text of the statute. Thank you. All right thank you and the case is submitted.